# WILLIAM STEINKEMPER v. ERNEST BECKMAN.[1]

### November 2, 1917.

### No. 20,523.

**Appeal and error — waiver of point.**

An assignment of error not argued in appellant's brief, is waived. [Reporter.]

**Landlord and tenant — charge to jury not prejudicial.**

Action by landlord for value of corn which should have been husked and delivered at elevator. Defense that because of hail and failure to mature only small quantity of fodder corn was raised which was fed to defendant's cattle. Court charged the jury that plaintiff could only recover for corn that had a market value after it was husked, not for the value it might have standing in the field for fodder. *Held*: Even if abstractly incorrect as a proposition of law, in view of the evidence in the case, the charge was not prejudical. [Reporter.]

Action in the district court for Nobles county to recover $179.75. The facts are stated in the opinion. The case was tried before Nelson, J., and a jury which returned a verdict for $73.76 in favor of defendant. From an order denying his motion for a new trial, plaintiff appealed. Affirmed.

*J. A. Cashel*, for appellant.

*J. A. Town*, for respondent.

PER CURIAM.

Plaintiff, the owner of a farm in Nobles county, leased it to defendant for the years 1915, 1916 and 1917. He brought this action against the tenant seeking to recover $179.75, made up of $75 damages suffered by defendant

[1]Reported in 164 N. W. 802.

not saving and husking the 1915 corn crop, but instead feeding it to his cattle and hogs, and a balance of $104.75, alleged to be due as the cash rent provided to be paid for hay and pasture land. The answer admitted this last item, alleged that because of hail and the failure to mature no corn was raised on the farm in 1915, save a little fodder corn which defendant admitted feeding to his cattle. Defendant set up four counterclaims, and asked judgment in his favor for $139.08, being the amount alleged to be due on the counterclaims after deducting the sum admittedly due plaintiff. The counterclaims were for board furnished plaintiff and for services rendered him by defendant. In his reply plaintiff admitted the second counterclaim amounting to $25, admitted that defendant furnished him board of the value of $144, and rendered services of the value of $66, as alleged, but claimed that by agreement with defendant he had paid these items by rendering services to the defendant. The issues were submitted to the jury, and a verdict returned in favor of defendant for the sum of $73.76. Plaintiff appeals from an order denying a new trial.

The assignment of error challenging the sufficiency of the evidence to sustain the verdict is not argued in the brief of appellant, and is therefore waived.

The sole question for decision is whether there was prejudicial error in the charge to the jury relative to plaintiff's claim of a right to recover for the corn which defendant's cattle ate. The lease provided that the tenant "is to deliver the landlord's one-third share of all small grain and corn at elevator in Wilmont, Minn., free of expense to landlord and at his request." No corn was so delivered in 1915, because there was none to deliver for the reason previously stated. The court instructed the jury that plaintiff could only recover for corn that had a market value after it was husked, "not what value it might have standing in the field for fodder." This was on the theory that because the lease required the tenant to husk the corn and deliver it to the elevator, there could be no recovery if the corn was so damaged or immature as to have no market value after it was husked, even though it might have a value as fodder corn, and though the tenant had used it all to feed his cattle. It may be open to question whether the court was correct in this instruction, considered as as abstract proposition of law. But in view of the evidence we see no prejudice. Plaintiff apparently had no complaint if the corn was only fit to feed in the field. His claim was that it had a market value as husked corn. Defendant claimed it had not. In view of these claims, we are not prepared to say that there was anything prejudicial in the instruction even conceding it to have been erroneous. The amount of the verdict does not indicate prejudice. The result is probably as nearly a right one as any jury could arrive at.

Order affirmed.